# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL L. MUELLER,**

        **Plaintiff,**

                                                    **Case No. 05-C-991**

**v.**

**JUNIPER BANK, a/k/a Remitco,
HSBC RETAIL SERVICES,
LANDMARK CREDIT UNION,
CREDIT FIRST NATIONAL ASSOCIATION,
CAPITAL ONE BANK, and
AMERICREDIT,**

        **Defendants.**

## ORDER

Proceeding pro se, Daniel L. Mueller ("Mueller") filed a "Motion for Judicial Review," a "Notice of Fault in Dishonor," a demand letter, a "Notice of Non-response," and a "Formal Certificate of Protest of Commercial Paper U.C.C. 3-505" that are addressed to each of the defendants. These submissions were docketed as Mueller's complaint. In addition, Mueller filed an application to proceed in forma pauperis and a submission entitled "Order on Motion for Judicial Review." The latter submission declares debt that Mueller owes to the defendants discharged and is signed by Mueller.

The court will address Mueller's motion to proceed in forma pauperis first. Before the court can allow Mueller to proceed in forma pauperis, the court is obligated to determine that he is unable to pay the $250.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does

not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous under the first § 1915(e)(2) prong when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. Pursuant to the second § 1915(e)(2) prong, a complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Based on the financial disclosures set forth in Mueller's application to proceed in forma pauperis, the court is satisfied that Mueller is indigent. However, it is clear that Mueller has not satisfied all of the § 1915(e)(2) requirements. It appears that Mueller wants the court to excuse debt that he owes to the defendants. Mueller's submissions indicate that he offered the defendants a promissory note in exchange for the release of his debt, and the defendants did not respond. Mueller contends that the defendants' inaction justifies release of his obligations. The "Notice of Fault in Dishonor" that Mueller filed in regard to each of

2

the defendants is illustrative of his position. The notice reads, in pertinent part, as follows:

> This is a **Notice of Fault** upon the instrument entitled **Promissory Note Number DLM105** Presented to you on or about May 5, 2005.
>
> By the terms and condition of the agreement contained in that presentation, you are under obligation to timely and in good faith protest and or **honor our tender offer** by presentment within 30 days. A dishonor of the tender offer discharges the alleged liability that you have claimed.

(Juniper Bank/Remitco Notice - Docket no. 1 at 8 (emphasis in original).).

There is no legal basis for Mueller's belief that the defendants were obligated to respond to the Notice of Fault. Since Mueller has failed to establish legally supportable grounds for excusing his debt, he has failed to demonstrate that this action is not frivolous or malicious, or that the submissions state a cause of action upon which relief may be granted. For these reasons, the application to proceed in forma pauperis will be denied. In addition, on January 6, 2005, defendant AmeriCredit filed a motion to dismiss Mueller's pleadings for lack of subject matter jurisdiction. Although the defendant's position is well-taken, the motion was prematurely filed since Mueller was not as yet permitted to proceed in forma pauperis. It is now moot in light of the court's ruling on Mueller's application to proceed in forma pauperis.

For all of the reasons discussed herein, the court now enters the following order:

**IT IS THEREFORE ORDERED** that Mueller's application to proceed in forma pauperis is **DENIED** and this case is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that AmeriCredit's motion to dismiss is **DENIED AS MOOT.**

Dated at Milwaukee, Wisconsin, this 13 of January, 2006.

/s_____
LYNN ADELMAN
United States District Judge